UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JULIE SUTTER,

    Plaintiff,         Hon. Ellen S. Carmody

v.

                 Case No. 1:17-cv-595

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## **OPINION**

    This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation

omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 47 years of age on her alleged disability onset date. (PageID.234). She successfully completed high school and worked previously as an assembler. (PageID.67). Plaintiff applied for benefits on April 22, 2014, alleging that she had been disabled since September 23, 2013, due to Grave's Disease, cervical spondylosis, degenerative lumbar disc disease, hypertension, hyperthyroidism, lumbosacral spondylosis, obesity, osteoarthritis, sciatica, thoracic/lumbar radiculitis, heart palpitations, diabetes, fibromyalgia, and deep vein thrombosis. (PageID.234-48, 280). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.111-232). On February 19, 2016, Plaintiff appeared before ALJ Patricia Hurt with testimony being offered by Plaintiff and a vocational expert. (PageID.77-109). In a written decision dated April 19, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.56-68). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.39-43). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative disc disease of the lumbar and cervical spine; (2) arthritis of the left knee; (3) bursitis of the right hip; (4) diabetes; (5) chronic obstructive pulmonary disease (COPD); and (6) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.60-61).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) during an 8-hour workday, she can stand/walk for 2 hours; (2) she must be permitted to use a cane to ambulate over uneven terrain or distances greater than 50 feet; (3) she cannot kneel, crawl, or climb ladders, ropes, and scaffolds; (4) she can occasionally balance, stoop, crouch, and climb ramps/stairs; (5) she must be allowed to wear sunglasses or other protective eyewear in the workplace in harsh lighting conditions; (6) she should not be exposed more than frequently to fumes, dust, smoke, and environmental pollutants; (7) she should never be exposed to dangerous hazards such as unprotected heights or uncovered moving industrial machinery; and (8) she can occasionally be exposed to extreme heat and excessive vibrations. (PageID.61).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her

5

limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 191,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.103-07). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.        Medical Evidence**

The medical record in this matter is extensive. The ALJ's discussion of such is as follows:

> The claimant has a long history of neck and back pain. An MRI of her lumbar spine performed in June 2013 revealed degenerative disc and facet joint changes and neural foraminal narrowing at multiple levels, while an x-ray of her cervical spine conducted in December of that year showed mild multilevel degenerative changes [Exs. 4F at 13; 5F at 58-59]. The claimant has received regular treatment for these problems since the date she alleges she became disabled, consisting of appointments with a pain specialist, oral medications,

and one set of lumbar trigger point injections. Despite this, she complains of persistent pain in both regions, as well as migraine headaches related to her neck pain, and examinations reveal tenderness in the lumbar and cervical regions, and a painful lumbar range of motion. At times, the claimant also displays diminished sensation in her left foot, and she is often noted to walk with an antalgic gait, using an assistive device [Exs 5F at 7-10; 6F at 1-37; 10F at 4-11, 14-18, 26-30, 37-41, 44-48, 53-66; 11F at 18-20; 12F at 8, 17]. The pain, gait abnormalities, and other symptoms associated with the claimant's degenerative disc disease limit her to work at the light exertional level, further restrict her capacity to stand and walk, cause her to need to wear sunglasses and use a cane at times, and affect her ability to perform postural tasks and tolerate certain environmental conditions.

The claimant has also long complained of pain in her left knee. Although diagnostic testing has been unremarkable, multiple clinicians have determined that she has arthritis [See e.g. Exs 5F at 56; 6F at 1-5; 9F at 13]. She has received ongoing treatment for this problem since the date she alleges she became disabled, including regular injections. She routinely states that these injections help control her pain for about two months at a time, but examinations nevertheless reveal tenderness and a limited range of motion in the left knee, as well as occasional crepitus [Exs 5F at 6; 6F at 1-32; 9F at 12-13; l0F at 6-18, 26-30, 35-48, 53-66]. The symptoms arising from the claimant's left knee arthritis contribute to her exertional, postural, and environmental limitations.

Additionally, the claimant has bursitis of the right hip, which is a factor in her exertional, postural, and environmental limitations. She has received regular steroid injections to her hip since January 2015, but she complains of persistent pain, and examinations reveal tenderness and a limited range of motion in that joint [Exs. 9F at 4-6; l0F at 4-18, 26-30, 35-48; 11F at 38-40; 12F at 26].

In April 2014, the claimant was diagnosed with diabetes. This condition is generally well-controlled with medications, as evidenced by fasting blood glucose and glycated hemoglobin levels, but examinations sometimes reveal numbness in the bilateral feet [Exs. 5F at 4-5, 28, 31; l0F at 23, 49; 11F at 11, 26, 32, 41, 46; 12F at 4-8, 27; 13F at 14-19, 27-29]. This likely is a factor in her exertional and environmental restrictions.

In addition, the claimant has been diagnosed with COPD, which contributes to her exertional and postural restrictions, and affects her ability to tolerate heat and pulmonary irritants in the workplace. This condition is well-controlled with medications, but the claimant does

> experience infrequent exacerbations involving wheezing [Exs. 5F at 8; 11F at 6-9; 13F at 27-33].
>
> Finally, the claimant is obese. The National Institutes of Health have identified Body Mass Index ("BMI"), a number that shows body weight adjusted for height, as one medical criterion for the diagnosis of obesity, defining obesity as a BMI of 30 or greater [Social Security Ruling 02-1p]. According to the medical evidence, the claimant's BMI has been above 30 since the date she alleges she became disabled. Moreover, treatment providers have diagnosed her with obesity, and advised her that losing weight may help improve her functioning [Exs. 3F at 2-4; 6F at 1-5; 10F at 6-11, 14-18, 26-30, 37-41, 44-48, 53-66; 12F at 4-7; 13F at 3-5, 27-33]. The claimant's obesity exacerbates her musculoskeletal, respiratory, and endocrine impairments, and thus plays a role in her physical limitations.

(PageID.62-64).

## II. The ALJ's RFC Assessment is Not Supported by Substantial Evidence

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). As noted above, the ALJ concluded that Plaintiff can perform a limited range of light work. Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence.

As the ALJ recognized, Plaintiff suffers from a variety of impairments that limit her ability to function. Specifically, Plaintiff suffers from a great many impairments and symptoms which affect her lower extremities and her ability to stand or walk. The ALJ attempted to accommodate such in her RFC assessment. Specifically, the ALJ restricted Plaintiff to a limited range of light work in which she would only need to stand/walk for two hours daily and

also recognizing that she required an assistive device when ambulating over uneven terrain or when walking distances greater than 50 feet.

Plaintiff's treating physician, Dr. Alan Young, concluded that Plaintiff also required a sit-stand option permitting her to shift between sitting, standing, and walking at will. (PageID.845). This particular limitation enjoys ample support in the medical record. The ALJ, however, concluded that such a restriction was unnecessary because "no clinician has observed her to have trouble sitting during appointments." (PageID.65). While this may be an accurate observation, it must also be noted that the results of numerous physical examinations and objective tests revealed results which support such a limitation. Furthermore, the ALJ has not identified anything in the medical record suggesting that Plaintiff's medical appointments were of a sufficient duration that failure to exhibit "trouble sitting" constitutes substantial evidence to disregard such a limitation.

In sum, the ALJ's failure to include a sit/stand option in her RFC, a limitation expressly recommended by Plaintiff's treating physician, compels the conclusion that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

### III.     Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of*

9

*Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Dated: September 10, 2018                           /s/ Ellen S. Carmody
                                                                 ELLEN S. CARMODY
                                                                 U.S. Magistrate Judge